268]                 *Harvey, etc. *v.* Brown, etc.

*Minutes of Proceedings—Record.*

Minutes kept of the daily proceedings of courts are not a component part of
    the record, but memoranda only, from which record is made.
How minutes should be entered.

THIS cause came before Judges Sherman and Burnet at the July
term, 1824, in Butler county, on a writ of error. The error re-
lied on was that no regular judgment had been entered in the
court of common pleas.

The facts of the case were these: The cause having been called
in its order, in the common pleas, the defendants were defaulted,
and judgment ordered to be entered against them. The clerk, in
making up the minutes of the day, stated the cause, and entered
the order in these words: "Judgment," etc., in which form the
entry stood when the minutes were read and signed by the pre-
siding judge. After the rising of the court, the clerk made up a
complete record of all the proceedings in the cause, setting out the
judgment fully and technically, and entered the same in the book
provided and kept for that purpose, agreeably to the statute. The
writ of error was then taken out and returned, with a transcript
of that record certified in due form. An attested copy of the
minutes of the court, containing the original entry of the judg-
ment, was also annexed to and returned with the writ.

WOODS, for the plaintiff in error, contended:

That the copy of the minutes ought to be received as a part of
the record on which he was at liberty to assign errors. That the
entry on the minutes of the court below was not made in pur-
suance of the statute. That it was a perfect nullity, and did not
authorize the record subsequently made up, and now returned
with the writ of error.

By the COURT:

The copy of the minutes forms no part of the record, and can
not be considered as the foundation of an assignment of errors.

Harvey, etc. *v.* Brown, etc.

The statute makes a clear distinction between the daily entries on the minute book, and the complete record which is to be made up in the vacation and entered in the book of records. The former is intended to prevent mistakes in entering the orders of the day, and to detect them where they are made. The latter is considered *the record of the cause, and supersedes the necessity [269 of any further recurrence to the minute book. The writ of error must be returned with a transcript of this record, and the assignment must be predicated on it. The plaintiff can not be permitted to contradict it by a paper purporting to be a copy of detached parts of the proceedings in the cause.

Such a course is unprecedented, and might jeopardize a large portion of the judgments that have been rendered in the common pleas throughout the state. On the same principle, the copy of any paper, improperly admitted or rejected, or of any motion improperly granted or overruled, might be tacked to the record, without having been made a part of it by a bill of exception. Such a practice would lead to endless confusion—it would destroy the certainty of records, and defeat the object for which they are made. The entries which are required to be made in vacation are the records of the court, and as there is no error in the transcript of that record, the judgment must be affirmed.

It may not be improper, however, to make a remark on the manner in which the entries should be made on the daily minutes of the court. Although the eighty-seventh section of the judiciary act, which requires the proceedings to be entered, read, and signed, does not prescribe the form in which the minutes shall be kept, or expressly require the orders, judgments, and decrees to be entered at length, or direct the clerk to pursue the exact form of those entries in making up the record, yet that course would be the most safe one, and would be most conformable to the spirit of the statute. This, however, has not been the common construction given to that section by the clerks throughout the state. Many of them have considered the minutes as concise memoranda of the proceedings of the day, from which full records were to be made up in the vacation, and if those memoranda were sufficiently explicit to enable them to make the record with certainty and correctness, they have considered them as made in conformity with the statute. This construction has probably resulted from the reason given in the statute for requiring the duty, which is " to prevent errors in entering

283

the judgments, orders, and decrees of each court." It is the opinion 270] of this court, however, that the *correct course is to make the entries with the same technical precision as is required in the complete record made up in vacation.

Judgment affirmed.