## EDWARD CAMPBELL v. COUNTY OF FAYETTE.

ERROR TO THE COURT OF COMMON PLEAS OF FAYETTE
COUNTY.

Argued May 14, 1889—Decided May 27, 1889.
[To be reported.]

1. The submission of a cause, under the provisions of the act of May 14,
1874, P. L. 166, to a person learned in the law but not authorized to
act as an attorney in the Supreme Court of this state, is erroneous, and
all proceedings under it, with the award made, are invalid.

2. County commissioners, representing the people of a county, act in a
fiduciary capacity, and are without authority to submit a case to the de-
cision of the court under the act of April 22, 1874, P. L. 109; where-
fore, they may not legally enter into a submission to a person learned
in the law under the act of May 14, 1874, P. L. 166.

3. In the case at bar, the submission having been made by the county
commissioners, as one of the parties, to a person learned in the law but
unauthorized to act as an attorney in the Supreme Court, the entire
proceeding was abortive, and the court where the cause was pending
had ample power to set it aside.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-
COLLUM, JJ.

Nos. 197, 333 January Term 1889, Sup. Ct.; court below,
No. 225 December Term 1887, C. P.

On November 7, 1887, Mr. Edward Campbell brought as-
sumpsit against the county of Fayette, to recover a bill for
professional services rendered. The defendant, pleaded non-
assumpsit.

On December 3, 1887, the following submission was filed:

And now, December 3, 1887, the parties above named, by
their respective attorneys, do hereby agree to submit the above
cause to the decision of Wm. G. Guiler, Esq., under the act of
assembly of May 14, 1874.          R. P. KENNEDY,
                                        Plaintiff's Attorney.
                                    A. D. BOYD,
                                        Defendant's Attorney.

On January 16, 1888, the following paper was filed:

Opinion of Court below.

January 16, 1888, on motion to the court, by agreement of counsel for both parties, Robert F. Hopwood, Esq., is appointed referee in this case, instead of Wm. G. Guiler, Esq., who was appointed referee and since his appointment has become counsel in the case.                    W. G. GUILER,
Defendant's Attorney.
R. P. KENNEDY,
Plaintiff's Attorney.

Notice of this appointment was served upon Mr. Hopwood on July 3, 1888, when he accepted and was duly sworn.

The referee filed his decision on August 23, 1888, awarding to the plaintiff the sum (as afterwards corrected) of $2,202.06. Notice of filing the report was given to the attorneys of the parties, and on September 5th, on petition of the defendant, by the then county commissioners, a rule was granted on the plaintiff to show cause why the submission should not be set aside, the appointment of referee vacated, and all proceedings before said referee, and his report, be set aside. To this petition an answer was filed.

The matter was heard upon petition and answer, and on December 17, 1888, the court, EWING, J., filed the following opinion and decree :

On December 3, 1887, a written agreement, signed, not by the parties but by their attorneys, to submit this case to the decision of Wm. G. Guiler, Esq., under the provisions of the act of May 14, 1874, P. L. 166, was filed in the proper office, but before any further action was taken it became impossible, by reason of a change in the board of county commissioners, and the employment of Mr. Guiler as legal adviser of the county, for Mr. Guiler to act under said agreement, and on January 16, 1888, by agreement of the attorneys, Robt. F. Hopwood, Esq., was substituted as referee. Nothing more was done in the case until July 3d, when written notice of his selection as referee was served upon Mr. Hopwood, who at once accepted and took the prescribed oath before the prothonotary, both the acceptance and oath being written on the back of the notice aforesaid, but not filed in the prothonotary's office within twenty days, nor, indeed, at all, except as a part of the report filed August 23d, being attached thereto. The referee, by writing

on said notice, also, and not filed within the twenty days, appointed July 14th as the time, and his office as the place, of hearing, without any agreement between the parties and himself, so far as appears, to have the hearing elsewhere than the place designated in the act of assembly, viz.: the Court House. This notice was served upon the defendant's attorney.

On the day appointed for hearing, defendant's counsel appeared and objected to the referee proceeding in the case, alleging the agreement of submission to be void, because the county commissioners act in only a fiduciary capacity and have no authority, therefore, to make such an agreement. This objection the referee did not consider valid, and the hearing proceeded. At the conclusion of the plaintiff's evidence, apparently on the same day, July 14th, defendant's counsel requested a continuance until he could have an opportunity to apply to court to have the submission vacated, which application could not be made until September term, beginning the first Monday of September, the June term being closed about the middle of June. This request the referee declined to grant, on the ground that the court had no right or authority to set aside the agreement. Again, on August 16th, defendant's counsel objected to the referee proceeding in the case; protested against his action in overruling the objections already made and refusing the continuance requested; refused to offer any testimony, and presented as a further objection that the said referee could not act in the case because he was not " authorized to act as an attorney in the Supreme Court of this state." Mr. Hopwood, it is admitted, has never been admitted to practice as an attorney in the Supreme Court, but he overruled this objection on the ground, not denied, that he is " qualified for admission to the Supreme Court," and that "authorized," in the act, means " qualified" and not "admitted." Therefore, the referee proceeded to make out his report, and the same was filed August 23d, 1888.

On September 5th the petition of the county commissioners was presented to the court, setting forth the main facts, and praying for a rule on the plaintiff to show cause why the agreement of reference, and the proceedings before the referee should not be set aside, because, first, the county commissioners could not make such an agreement, as they act but in a fidu-

ciary capacity, and secondly, because Mr. Hopwood is not authorized to act as an attorney in the Supreme Court of the state, and therefore could not act as referee under the said act of May 14, 1874. In answer to the rule granted upon this petition, the plaintiff alleges that this court has no jurisdiction, and that the matters complained of are all embodied in exceptions to the report of the referee, and can only be legally passed upon and disposed of by the Supreme Court. The disposition of this rule is the matter now on hand.

The failure of the referee to file his acceptance and oath, and appointment of time and place of hearing, in the prothonotary's office within twenty days, and his appointment of other than the Court House, as the place of hearing, without any agreement of the parties to that effect appearing, are matters concerning which no question is here raised. Nor is any exception taken because of the failure of the parties to sign the agreement of submission; and, consequently, it may be taken for granted that the attorneys were authorized and directed by the parties to make such agreement for them. Were the question raised, however, I am inclined to think it would invalidate the submission, for the statute provides only that " the parties may, by written agreement," etc., and I don't see how the agreement can well appear to be that of the parties unless it is signed by them. When drawn like the one in this case, thus, " the parties above named, by their respective attorneys, do hereby agree," etc., and signed by the attorneys alone, it appears rather as the agreement of the attorneys, and the record shows no assent of the parties at all. At all events, it is bad practice, fruitful of controversy, and may occasion unpleasant and troublesome questions between attorney and client, and should be eschewed.

The first reason assigned why the agreement of reference should be set aside is, that the county commissioners, representing the defendant, act in a fiduciary capacity, and therefore, are not authorized by the act of May 14, 1874, to make such an agreement, since said act only confers that authority upon the parties who " may legally, by agreement in writing, submit a case to the decision of the court;" and the act of April 22, 1874, providing for the submission of cases to the decision of the court, expressly excepts parties " acting in a

fiduciary capacity." Chester Co. v. Barber, 97 Pa. 464, is cited in support of the proposition that county commissioners act in a fiduciary capacity, and sustains the position for that case, at least, and it is not necessary to question it here. But may not parties " acting in a fiduciary capacity " "legally, by agreement in writing, submit a civil suit or case to the decision of the court? " Is that exception in the act of April 22, 1874, constitutional? Is it not an attempt by the legislature to limit the provisions of § 27, article V. of the constitution of 1874? That section declares that " the parties," without exception, be it noted, " by agreement filed, may in any civil case dispense with trial by jury," etc. A right or privilege thus conferred cannot be limited by legislative enactment. The legislature cannot say such and such persons shall enjoy it, and such and such shall not. If that provision in the constitution means what it plainly says, that the parties in any civil case may submit it to the decision of the court, etc., that embraces any and all parties, and the exception in the act of April 22, 1874, is unconstitutional and void, and the right thus to submit a case to the decision of the court is without exception as to the character of the parties in any civil suit. That such is the case seems to be clear. It therefore follows, that the right, in like manner, to submit the decision of a civil case to a referee, under the act of May 14, 1874, is without limitation as to the character of the parties also, and that such a submission is valid in this case.

But, it may be said, that section of the constitution does not execute itself: Commonwealth v. Mitchell, 80 Pa. 58, and the legislature only having provided for carrying it into execution so far as concerns parties not acting in a fiduciary capacity, the right is not complete in such trustees. Yet, would that construction and effect be given to the act of April 22, 1874, because of the ineffectual attempt therein to limit the right, when the evident purpose of the act was to declare the manner in which the constitutional privilege should be exercised? Would it not rather be held that the annulment of the limitation left the act as if such exception had never been expressed, and, consequently, as broad and comprehensive in its bearing as the provision of the constitution which occasioned it? And beyond this, the constitution vests the right, the legislative enactment

only regulates the practice under it: Commonwealth v. Mitchell, supra. Had the conclusion been that the defendant had no right or authority to make such agreement of submission, the power of the court to set aside the agreement could hardly be doubted; for then the agreement would have been invalid, no authority would have been vested thereby in the referee, and the jurisdiction of the court would not have been ousted.

The second reason why the agreement should be set aside is that the referee does not possess the statutory qualification to act, not being "authorized to act as an attorney in the Supreme Court of this state." As stated, the direct answer made to this by the plaintiff is that "authorized," in the act means qualified, and that the referee is so qualified. But authorized and qualified are by no means synonymous, and have entirely different meanings. One may be qualified to fill any position and to discharge any duties, and yet have no authority whatever to do so. And one may be qualified by having complied fully with the requirements of Rule VI. of the Supreme Court, as the referee states in this case, and yet be refused admission as an attorney of that court. And no one is "authorized to act as an attorney in the Supreme Court of this state" unless that court has conferred the authority. The admission of an attorney is a judicial act, and the judges of the Supreme Court have exclusive jurisdiction in respect thereto in that court. This authority is conferred by § 68 of the act of April 14, 1834, P. L. 354. Until the judges of the Supreme Court have passed upon the application of an attorney for admission to that court, and pronounced a favorable decision, and the applicant has taken the prescribed oath, he is not "authorized to act as an attorney" therein. It therefore follows that, no matter how well qualified or competent the referee in this case may be to act as an attorney in the Supreme Court, yet never having been admitted as an attorney of that court, he is not authorized to act as an attorney therein. And, if not so authorized, it is not questioned that he could not act as referee in a case submitted under the act of May 14, 1874. It is remarked, however, that there is no reason for embodying such a provision or requirement as the qualification of the referee in the act, but this observation overlooks the fact that the decision of such referee is reviewable directly and only by the Supreme Court, and that

the legislature must have had in view, if no other reason, the fitness of things, in determining that the Supreme Court should not thus be called upon to review the decision of any one not an officer of that court. This provision establishes a direct connection, at least, between the two tribunals.

But, it is strenuously insisted that this court cannot interfere to set aside the submission, even if the referee be disqualified to act; that the court in which the suit is pending can only thus act for the three causes specified in the sixth section of the act. Admitting that, so far as a submission valid in the first place is concerned, yet cannot the lower court certainly declare null and void an invalid submission? If an effort to submit a cause under this act be made and the provision of the act is not complied with in the agreement, surely the court where the cause is pending can annul the agreement, for the authority conferred by the statute would not then have legally vested in the referee, and the jurisdiction of the court would not be ousted.

Here it may be said that the original agreement was valid, since Mr. Guiler was qualified to act as referee, and that thus the jurisdiction of the court was lost. So be it; but when Mr. Guiler, before notice of his appointment was served upon him or any action at all taken under the agreement, became defendant's counsel, then it "became impossible for him to act" as referee, and the jurisdiction of the court vested again by the very terms of the act itself. And the jurisdiction of the court having thus vested, so that the agreement could be set aside upon the application of a party in interest, after notice, it was not again ousted by the substitution by the parties, as referee, of a person not qualified to act, for, as has been said, the disqualification of the referee would prevent the authority conferred by the statute from vesting. This would be the case even if the disqualification of the referee, unknown before and discovered after his appointment, does not itself come within the spirit, if not the letter, of the second ground specified in the act for the court's interference, viz.: when "it becomes impossible for him, the referee, to act." True, it does not strictly here "become" impossible for him to act, since the disqualification existed before his appointment; but the fact of that disqualification "becomes known" subsequently, so as to possibly bring the case within the spirit at least of that provision.

Again, it is said that this rule should be discharged, even if the court had the power to decree otherwise, because the very points here treated are embodied in exceptions filed to the report of the referee and can be passed upon by the Supreme Court. This view of the case would be adopted very willingly if it were not that, believing this court to have the power, under the circumstances of this case, to set aside this agreement, it then becomes the duty of the court, since application for that purpose has been made by one of the parties, to do so; and were it not also that, possibly the Supreme Court might think, since the submission of the case to the referee is defective and illegal, that their jurisdiction under the act does not extend so far as to correct that feature, but only to a review of the rulings and judgment of the referee, and that this court is the proper place to have any such remedy as demanded administered. Moreover, if the view of the case here taken is erroneous, by making this rule absolute an opportunity is thereby afforded to have the Supreme Court correct the error on review, and declare clearly the law upon the point here raised. ·

For the reasons here given the rule is made absolute.

And now, Dec. 17, 1888, this matter having been argued by counsel and fully considered, it is hereby ordered and directed that the rule to show cause, etc., be made absolute, the agreement of submission and all proceedings thereunder vacated and set aside, and the case restored to its place on the issue docket, the costs incurred by the reference to be taxed as part of the costs in the case and abide the event of the suit. Exception.

Thereupon the plaintiff took the writ of error to No. 197 and the appeal to No. 333, assigning as error in each the order of December 17, 1888, making the rule absolute, etc.

*Mr. R. P. Kennedy,* for the plaintiff in error.

*Mr. W. G. Guiler,* for the defendant in error.

OPINION, MR. CHIEF JUSTICE PAXSON:

The plaintiff brought this action in the court below to recover compensation for professional services to the county of

Fayette. By agreement of counsel, in writing, the case was referred to a member of the bar, under the provisions of the act of May 14, 1874, P. L. 166. The referee made an award in favor of the plaintiff in the sum of $2,202.66. Upon the petition of the county commissioners, the court below granted a rule on the plaintiff to show cause why the "agreement of reference should not be set aside, the appointment of the referee vacated, and all proceedings before said referee, and his report, be set aside." This rule was made absolute by the court, and this action is the matter complained of here.

The ruling of the learned judge can be sustained upon two grounds. The first section of the act of 1874, under which this reference was made, provides, "That in all civil suits or cases which the parties may legally, by agreement in writing, submit to the decision of the court in any county or city of this commonwealth, the parties may, in like manner, by written agreement, submit the case to the decision of any person learned in the law, who is authorized to act as an attorney in the Supreme Court in this state." It was admitted that the learned referee in this case had never been authorized to act as an attorney in this court, however well fitted he may be to do so. The act does not say that the referee must be qualified to act as an attorney in the Supreme Court, but that he must be "authorized" to so act. There is a wide distinction between these words. However well qualified an attorney may be for admission to the bar of this court, he can only be authorized to act as such by an order of admission, and this can only be done by the court. We are of opinion that the learned referee was not entitled to act under the act of assembly. It follows that the appointment was improvidently made, and his award had no validity.

There is, however, another ground which we think equally fatal. It will be noticed that the act of May 14, 1874, only confers the authority to refer upon such parties who "may legally, by agreement in writing, submit a case to the decision of the court." The county commissioners, representing the people of the county, and having the control of their funds, act in a fiduciary capacity: Chester County v. Barber, 97 Pa. 455. The act of April 22, 1874, P. L. 109, providing for the submission of cases to the decision of the court, expressly ex-

cepts parties acting in a fiduciary capacity. We do not think this exception is to be confined to persons who are technical trustees under appointment by will or deed, or by the court. The words are to be used in their broad, popular meaning, as best calculated to carry out the object of the legislature. The language is comprehensive enough to include county commissioners, and all other public officials who have charge of the public money, as well as all private trustees clothed with authority over the property of others. We think the exception applies with especial force to county commissioners, and its object was evidently to prevent the money of the public being parted with in such cases as this, until the right thereto has been established by the verdict of a jury.

We do not attach much weight to the argument that the court below had no power over the award; that it could only be reviewed here. There would have been more force in this position, had there been a legal reference and a legal award. But the whole proceeding was abortive, and the court below had ample power to set it aside.

Judgment affirmed.