## Conestoga Bridge.

*Highways and bridges—Location—Change—Termini—Certiorari.*

Where the proceedings to locate a county bridge and approaches are regular, the Supreme Court, on certiorari, cannot look outside of the record to see whether one of the approaches does or does not end in a highway.

Where the petition asks for a bridge over a creek at a place where the public highway crosses said creek near a certain mill, and the report locates the bridge about one eighth of a mile below the mill and changes the approaches, such location is not unlawful.

A report that, having respect to the best site, etc., a change in the bed or route of said road is necessary, etc., and would be a saving of expense in the erection of the bridge, and "we change and lay out the said approaches to said bridge in connection with the proposed site," giving the new approaches by courses and distances, is regular.

*Endeavor to procure release of damages—Report.*

A report by viewers that they had no claim made for damages, and, taking into consideration the advantages and disadvantages, "no damages are due and none are awarded, and we had the further assurance of the representatives of the owners that no damages were claimed," is no ground to set aside the report on exceptions by parties who were not the landowners.

Argued May 17, 1892. Certiorari, No. 110, May T., 1892, to Q. S. Lancaster Co., Nov. T., 1890, No. 57, to review proceedings locating bridge and changing and laying out public roads approaching same. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Proceedings to locate county bridge and approaches under Act of June 13, 1836, P. L. 560, and local Act of April 28, 1857, P. L. 338.

The record discloses the following state of facts: The petition for appointment of viewers asked for a county bridge "over Conestoga creek at the place where the public highway to the city of Lancaster crosses the said creek near Rank's Mills, owned by the city of Lancaster, on or at said creek on the line between the townships of Lancaster and East Lampeter," etc. The order to viewers directed them to view, and, if they saw occasion, to locate the same, and, if necessary, to change the road approaches, to lay out a new road and vacate the old one, etc. The viewers reported in favor of a bridge in the language of the petition, and "having respect to the best site for such bridge in such manner as to do the least injury to private property, . . . . we are of opinion that a change or variation in the bed or route of said road is necessary and would be an improvement and a substantial benefit, and a saving of expense in the erection of the aforesaid bridge, and we therefore report that it is necessary that the route of said road should be changed, and we change and lay out the said approaches to said bridge in connection with the proposed site for said bridge as follows." Then follows a description of the courses and distances of the new road, beginning in a public road, then crossing the creek by the proposed bridge and ending "in Orange street as extended." A draft was attached to the report. The report concluded: "We had no claim made to us for damages, and taking into consideration the advantages and disadvantages to the

owners of the land through which said road approaches pass as laid out by us to said bridge, no damages are due and none are awarded. We had the further assurance of the representatives of the owners that no damages were claimed."

Exceptions were filed by two parties, whose interest is not stated, alleging, *inter alia*, (1) that the viewers not merely change the approaches but unnecessarily and unlawfully lay out two new roads, one on the east side of the creek almost half a mile long, and one on the west side over one eighth of a mile, and vacate no part of the old highway; (2) the road so laid out does not connect with a public road on the west; (4) the proposed bridge does not cross the creek at of near where any public road crosses; (5) failure to endeavor to procure releases and to report thereon; (6) variation between location recommended and draft and courses and distances, being over one eighth of a mile.

The exceptants asked to be allowed to show by depositions that "Orange street extended" was not a public road, but the court, PATTERSON, J., refused to admit the depositions as offered out of time, dismissed the exceptions and confirmed the report. Exceptants then took this writ.

*Errors assigned* were (1, 2, 4–6) dismissing exceptions, quoting them, and (3) refusing to hear depositions.

*Simon P. Eby*, for plaintiffs in error; *John A. Coyle, Wm. D. Weaver* with him, for defendant in error.

PER CURIAM, July 13, 1892.

This case is here upon certiorari, and we cannot look outside of the record. The proceedings appear to have been regular, and were authorized by law.

Order affirmed.