## Thompson's Private Road. Elliott's Appeal.

*Road law—Practice—Amended report of viewers.*

Where viewers fail to report the fact that the owner of land over which a proposed private road is intended to pass had personal notice of the time and place of meeting of the viewers, they may do so, by permission of the court, in an amended report, without having the original report referred back to them for correction; but it is better practice to refer back the original report.

Argued Oct. 28, 1892.    Appeal, No. 89, Oct. T., 1892, by A. W. Elliott et al., exrs. of Samuel Gibson, deceased, from Q. S. Allegheny Co., March T., 1891, No. 4, dismissing exceptions to report of viewers laying out private road.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Petition for viewers to lay out private road.

The facts appear by the opinion of the Supreme Court.

The March term of court continues from the first Monday of March to the first Monday of June ; the June term from the first Monday of June till the first Monday of September; and the September term from the first Monday of September to the first Monday of December.    The viewers were appointed April 18, 1891, at March term; their report was filed June 6, 1891, at the June term ; the exceptions were filed during June term, to wit, Aug. 29, 1891 ; and the amended report was filed Nov. 21, 1891, at the September term.

*Errors assigned* were dismissing exceptions, quoting them.

*Geo. H. Quaill*, for appellants.—The power of the viewers continues only during the term at which their report was filed and confirmed nisi, after which their powers are exhausted, unless the report shall have been recommitted to them for correction or for some other or further action : Paradise Road, 29 Pa. 20 ; Metzler & Hugus Road, 62 Pa. 151; Potts' Ap., 15 Pa. 414.

After a report is filed and approved nisi, if any addition, alteration, amendment or change is to be made thereto, it should be referred back to the viewers for that purpose, even to correct a clerical error : Potts's Ap., 15 Pa. 414 ; New Hanover Road, 18 Pa. 220 ; Hilltown Road, 18 Pa. 233 ; Beigh's Road, 23 Pa. 302 ; Ewing's Mill Road, 32 Pa. 282 ; Gibson & Guy's Mill Road, 37 Pa. 255 ; Boyer's Road, 37 Pa. 257 ; Reserve Township, 2 Grant, Pa. 204.

*Richard A. Kennedy, David Smith* with him, for appellee.— The error complained of having been a clerical error, was amendable at any time before final confirmation : Beigh's Road, 23 Pa. 302.

PER CURIAM, January 3, 1893:

This case, although called an appeal, has the effect only of a certiorari. We have nothing before us but the record. The principal grievance complained of is that the report of the viewers does not show that Samuel Gibson, the owner of the land through and over which the proposed private road is intended to pass, had personal notice of the time and place of meeting of the viewers, nor that he had notice of the time and place fixed for the assessment of damages. It is true that the report of the viewers does not state that notice had been given to the said Gibson. Exceptions to the report were filed in the court below setting forth this defect, whereupon the court permitted the viewers to amend their report. In their amended report they say : " That Samuel H. Gibson, the owner of the land through which the said proposed private road is intended to pass, had actual personal notice of the time and place fixed for the meeting of viewers, and of the time and place fixed for the assessment of damages, and that he was personally present at both of these meetings, and was heard by the viewers both at the time and places fixed for the meeting of viewers and for the assessment of damages, and that these facts were inadvertently omitted from our report, filed June 6, 1891."

A mere clerical error in the report of viewers is always amendable : Beigh's Road, 23 Pa. 302. The court below had ample power to send the report of the viewers back to them for correction, and this would have been the more regular practice. The action of the court, in accepting their amended report, may be regarded as the equivalent of its having been referred back to them, and cured any formal defect of the proceedings.

The appellants' contention is based upon the merest technicality, and is without merit.

Proceedings affirmed.