## In re: Inter-County Bridge.

*Inter-county bridge—Viewers—Harmless irregularities — Right to file exceptions nunc pro tunc.*

Confirmation of a report of a board of viewers, appointed to locate a bridge over the Susquehanna River between two counties, will not be vacated five years after the original confirmation, to permit exceptions to be filed nunc pro tunc.

The statutory period for taking the appeal having expired, and no irregularity appearing in the proceedings which went to the jurisdiction of the court to make the order, and the viewers report being sufficiently definite to permit its execution in the erection of a bridge, all of the matters complained of were such as should have been raised by exception before final confirmation. They could not be raised, after final confirmation and approval of the grand jury and commissioners, and after the time for an appeal had expired, by a motion to vacate.

Argued March 14, 1923. Appeal, No. 5, March T., 1923, by J. P. S. Strickler, J. C. Harrison et al., from decree of Q. S. Union Co., May Sessions, 1911, No. 3, discharging a rule to vacate confirmation of report of viewers in re Inter-County Bridge over the West Branch of the Susquehanna River, between the Township of White Deer, in the County of Union, and the Borough

of Watsontown, in the County of Northumberland, Penn-
sylvania. Before ORLADY, P. J., PORTER, HENDERSON,
TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to vacate confirmation of report of board of
viewers to locate inter-county bridge. Before JOHN-
SON, P. J.

The facts are stated in the opinion of the Superior
Court.

The court discharged the rule. Petitioners appealed.

*Error assigned*, among others, was the order of the
court.

*Andrew A. Leiser,* and with him *Andrew A. Leiser,
Jr.,* for the appellant.

*Cloyd Steininger,* for appellee.

OPINION BY KELLER, J., October 5, 1923:
This is an appeal by citizens and taxpayers of Union
County from the order of the court of quarter sessions of
that county refusing to vacate the confirmation of a
viewers' report made over five years before and permit
the filing of exceptions nunc pro tunc. The report had
been filed in connection with proceedings for the erection
of a joint county bridge over the West Branch of the
Susquehanna River between the Borough of Watson-
town in Northumberland County and the Township of
White Deer in Union County. No exceptions had been
filed to the report; it had been confirmed by the court,
approved by the grand jury and acted upon favorably by
the county commissioners, and a peremptory writ of
mandamus had been issued to the commissioners direct-
ing them to proceed with the construction of the bridge,
in conjunction with the commissioners of Northumber-
land County, long before the present proceeding was
begun. The statutory period allowed by the Act of May

19, 1897, P. L. 67, for taking an appeal from the order confirming the report, (six months), had long since expired, and therefore no irregularity in the proceedings which does not go to the jurisdiction of the court to make the order, or present upon the face of the order an insuperable barrier to its execution can be considered: Crescent Twp. Road, 18 Pa. Superior Ct. 160. If the court had jurisdiction of the proceeding and the report is capable of execution, the appeal must be quashed: In re Road in Salem Twp., 103 Pa. 250; or the order of the court below affirmed: Clarion M. & P. R. Co. v. Hamilton, 127 Pa. 1. A motion to vacate or strike off an order or judgment made after the time for appealing from it is past cannot be used to secure two opportunities for appeal from the same order or judgment; the Act of May 20, 1891, P. L. 101, confers no such unusual privilege: Mayer v. Brimmer, 15 Pa. Superior Ct. 451.

There can be no question of the jurisdiction of the Court of Quarter Sessions of Union County over the subject-matter. It is expressly committed to it—in conjunction with the Court of Quarter Sessions of Northumberland County—by the Act of June 13, 1836, P. L. 551, sections 46 and 47, as amended by the Acts of May 8, 1907, P. L. 185, and June 20, 1911, P. L. 1084, respectively, under which these proceedings were instituted. And the report definitely marks the termini of the bridge and presents no insuperable obstacles to its construction such as were present in Crescent Twp. Road, supra, and Hector Twp. Road (No. 2), 19 Pa. Superior Ct. 124. Let us, then, examine the grounds advanced for this belated motion:

(1) Appellants contend that the petition for the appointment of viewers was filed and the order appointing them made when the court of quarter sessions was not in session. The court below has found otherwise. The petition shows a notation dated September 2, 1911, and signed by the president judge, that it was read and viewers appointed as prayed for. The order to viewers,

issued pursuant thereto, under the seal of the court, duly attested by the clerk, sets forth that, "At a Court of Quarter Sessions of the Peace of the County of Union, held at Lewisburg, Pa., in and for said county, on the second day of September, A. D. 1911, before the judges of the same court," petition of divers inhabitants of said county was presented, etc.   It also appears that the board of viewers provided for by the Act of June 23, 1911, P. L. 1123, was appointed by the Court of Common Pleas of Union County on that date and rules and regulations adopted and filed for the government of said board and the proceedings thereof.   In the mandamus proceedings instituted November 2, 1915, to compel the construction of said bridge, the court of common pleas found from these records that the petition for the appointment of viewers was presented to the judges of the court of quarter sessions in open court on September 2, 1911.   The only thing relied upon to controvert this evidence is the fact that the clerk's minutes fail to show a session of the court on that date.   Minutes are memoranda of what takes place in court made by the clerk by authority of the court.   They are not considered part of the record but from them the docket record is made up: Bouvier's Law Dictionary, (3d Rawle's Revision), 2220; Harvey v. Brown, 1 Ohio 268.   See also Moore v. Kline, 1 P. & W. 129; Wilkins v. Anderson, 11 Pa. 399.   They are not included as a part of the record on an exemplification or certification of the record: Harvey v. Brown, supra; and they certainly cannot be permitted to contradict the actual record either as to matters contained in or omitted from them.   The court record in this case is made up of the petition, order to view, report, etc., and it shows a session of the court on September 2, 1911, at which the petition was presented and viewers appointed.   The clerk's minutes are incomplete; the last minute prior to September 2, 1911, does not show to what date the court adjourned or that it adjourned at all; and the common pleas minutes show a page partially blank followed by

an entirely blank page (pp. 518, 519) between the minutes of July 6, 1911, and September 18, 1911. The failure of the clerk to keep minutes of the session of September 2, 1911, or make a note of the presentation of the petition and the appointment of viewers thereon in his minutes, which are not shown to have been supervised at all by the court, cannot render nugatory the action of the court in the premises. Even records, though missing, may be inferred or supplied from other records: Com. v. Dickey, 262 Pa. 121.

(2) The report of the viewers was presented in open court on September 18, 1911, the first day of the next (September) term, was confirmed nisi by the court and approved by the grand jury the same day. This was premature. The Act of 1836 provides that the practice with respect to joint county bridges shall be the same as prescribed for the erection of county bridges, except that the court of quarter sessions of each county shall appoint three viewers and a report [i. e. the same report] shall be made to both courts. With respect to county bridges the report cannot be presented and confirmed at the same term: Smithfield Creek Bridge, 6 Wharton 363. It must lie over to the next term for exceptions: Bedford Bridge, 72 Pa. 42; In re Kensington & Oxford Turnpike Co., 10 W. N. C. 177, p. 185. The better practice is to permit the report as in road views to lie over for one term for exception and review; "or if it be thought a more convenient practice, the court, grand jury, and commissioners may act upon the report returned, subject to exceptions and review as to the location": Bedford Bridge, supra, p. 46. While the report was thus open to exceptions, etc., the viewers, on September 23, 1911, filed an amended report, which corresponded exactly with the report returned to the Court of Quarter Sessions of Northumberland County on September 25, 1911, and which made a slight change in the respective termini of the bridge. This amended report was confirmed nisi by the Court of Quarter Sessions of Union

County on September 23, 1911; lay over for exceptions to the next term,— none being filed; was approved by the grand jury at the next term, on January 9, 1912; and was concurred in by the county commissioners of Union County by formal resolution of the board on March 8, 1912, which was filed of record in the Court of Quarter Sessions on March 4, 1916, and the bridge entered in the records of said court as a joint county bridge. In Northumberland County the report was likewise confirmed by the court, approved by the grand jury, concurred in by the county commissioners and resolution filed in the court of quarter sessions of that county, and the bridge entered there of record as a joint county bridge.

With respect to this amended report, the court might have specially allowed an amended or additional report to be filed at the same term to which the report was returnable and within the time fixed for the filing of the report: Springbrook Road, 64 Pa. 451; the Supreme Court called it, "A practice in all respects proper": Ibid, p. 453. See also Thompson's Road, 154 Pa. 541, 543. Having received and confirmed the amended report in this case and submitted it to the grand jury at the following term, it will be considered as if specially allowed and having superseded the original report. In any event, it was such an irregularity as could only be taken advantage of by exception, which had to be filed at the proper term and before the confirmation of the report: Myers v. Com., 110 Pa. 217, p. 224; Road in Collins & Peebles Twps., 36 Pa. 85; and no exceptions having been filed, it cannot be urged here as ground for reversal of the proceedings after the time for an appeal has expired: In re Road in Salem Twp., supra; Clarion M. & P. R. Co. v. Hamilton, supra.

(3) Notice of the meeting of the viewers was duly given the public and the county commissioners, and acceptance of such notice by the commissioners was attached to and filed with the report. It was not necessary

that notice should be given the commissioners of deliber-ative meetings of the viewers held for the purpose of preparing their report, and not for the hearing of witnesses. Any error in this respect, however, was cured by the confirmation of the report without exceptions, and by the concurrence of the county commissioners in the action of the court and grand jury.

(4) The viewers had the right to locate the termini of the bridge a short distance away from the established line of ferry travel: Conestoga Bridge, 150 Pa. 541; Bridge over Smithfield Creek, supra; Seabolt v. Nor-thumberland County, 187 Pa. 318, and 197 Pa. 110; Youghiogheny River Bridge, 2 Pa. Superior Ct. 265, pp. 273, 274 (reversed on another point, 182 Pa. 618). The contour of the land at the exact point of the highway to be bridged may be such as to make the erection of a bridge there difficult, if not impossible, from an engineer-ing standpoint, (Bedford Bridge, supra, p. 45), and the judgment of the viewers, when confirmed by the court and approved by the grand jury and county commission-ers will not be interfered with. Section 37 of the Act of 1836, supra, contemplates a reasonable discretion in the viewers, in this respect, and even provides for a change in the road, when recommended as necessary, in order to erect the bridge at the most suitable place, or at the least expense, if such change is approved by the court and a majority of the commissioners. As located by the view-ers the bridge extends from Second Street in the Borough of Watsontown on the east bank of the river, at the point where said street turns northward to the ferry landing of David Bly, to the public road (known as Highwater Road) on the west bank of White Deer Creek just north of its point of discharge into the river. Ground must be allowed for the necessary elevation, abutments, and ap-proaches, (Penn Twp. v. Perry Co., 78 Pa. 457; Com. v. Loomis, 128 Pa. 174; Westfield v. Tioga Co., 150 Pa. 152), and we are not convinced that this location as fixed

by the viewers and approved by the court, grand jury and commissioners is illegal or unwarranted.

(5) The omission of the county commissioners of Union County to file in the office of the clerk of the court of quarter sessions a certified copy of their resolution concurring in the action of the court and grand jury, until March 4, 1916, cannot be construed as an abandonment of the proceedings. It bears no likeness to the case of Com. v. Baker, 212 Pa. 230, relied upon by appellants, where four years elapsed between the filing of the report and the passage of the concurrent resolution of the commissioners, and an intervening board of commissioners had in the meantime disapproved of the bridge. The approval of the court, grand jury and commissioners required in such proceedings (Com. v. Bowman, 218 Pa. 330), was in this case reasonably continuous, and the failure to file the resolution in the quarter sessions only an oversight which was rectified more than a year before this proceeding was begun: P. & L. E. R. R. Co. v. Lawrence Co., 198 Pa. 1, p. 6.

(6) Practically all the reasons advanced by appellants for vacating the confirmation of this report were presented by the county commissioners in their return to the alternative mandamus in April, 1916, and were adjudged insufficient by the court of common pleas in that proceeding. Appellants question the force and validity of that judgment because by agreement of the parties the case was tried before a judge without a jury, under the Act of April 22, 1874, P. L. 109; asserting on the authority of Campbell v. Fayette County, 127 Pa. 86, that the commissioners were without authority to agree to such trial without a jury. The force of that decision, however, has been weakened, if not overcome, by the later case of Lummis v. Big Sandy Land & Mfg. Co., 188 Pa. 27, which holds that the clause in the Act of 1874, excepting those acting in a fiduciary capacity from its provisions,—relied upon in the Campbell case,—violated article V, section 27 of the Constitution.

59, (1923).]                Opinion of the Court.

Whether this be so or not, we agree with the conclusions of the court of common pleas in that proceeding: (1) That the appointment of the viewers on September 2, 1911, was regular and in accordance with law. (2) That the amending of their report by the viewers at the same term to which it was filed (September Term, 1911), was at the most an irregularity which might have been the subject of exception by the parties before final confirmation. But after confirmation and approval by the court and the county commissioners no advantage could be taken. (3) That the Court of Quarter Sessions of Union County had jurisdiction of the subject-matter and the parties, and its final judgment, not excepted to and unappealed from, is conclusive.

Having jurisdiction of the subject-matter and the parties, and the viewers' report being sufficiently definite to permit its execution in the erection of the bridge, all of the other matters complained of were such as should have been raised by exception before final confirmation. They could not be raised, after final confirmation and approval of the grand jury and commissioners and after the time for an appeal had expired, by motion to vacate: In re Road in Salem Twp., supra.

The order of the court below is affirmed and the appeal dismissed at the costs of the appellants.