# Jones *versus* Manufacturer's National Bank.

1. Where a debt is attached, as a general rule, interest is suspended during the pendency of the attachment proceedings. This, however, is not the case where there has been collusion, unreasonable delay, or litigation on the part of the garnishee.

2. One W. F., who was agent for J. F., kept a bank account in a certain bank, in the name of " W. F., agent." The bank discounted certain notes for W. F., and placed the proceeds to his credit ; but the notes were dishonored at maturity. Subsequently, one A. recovered judgment against J. F., and issued an attachment, wherein the bank was summoned as garnishee. The bank pleaded *nulla bona*, averred that it had no knowledge of J. F., and claimed to set off the amount of the notes discounted by it. The case was afterwards tried on the issues thus raised. *Held*, that the garnishee was not entitled to the set-off claimed. *Held*, further, that said garnishee was liable for interest on the funds in its hands from the time of the attachment.

3. *Semble*, that in the above case the garnishee was not bound to pay the money to A. until the fact was established that W. F. was agent of J. F. If, therefore, said garnishee had by its plea and answer shown a readiness to pay whenever that fact should be established, it would not have been liable for interest.

January 9th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

[Jones *v.* Manufacturers' Nat. Bank.]

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county:* Of July Term 1881, No. 101.

This was a scire facias, issued by W. W. Jones against the Manufacturer's National Bank, garnishees, upon a judgment obtained by the plaintiff against James Fayer. The garnishees pleaded " nulla bona," and upon the trial were allowed to show the following matters set forth in their answers to interrogatories :—

One William Fayer kept a bank account in the said bank, in the name " William Fayer, agent." The bank, in the usual course of business, discounted two notes for him, and placed the proceeds to his credit, against a portion of which he drew checks. At the time this scire facias was served on the garnishees, the amount standing in the bank to the credit of William Fayer, agent, was $912.74. The said notes not having been paid at maturity, the bank claimed to set off the amount thereof against that balance. The bank also set up that they had no knowledge of James Fayer, or that William Fayer was his agent, or that the money to the credit of William Fayer, agent, was the money of James Fayer.

The jury found the following special verdict, subject to the point reserved, " whether, under the facts found, the plaintiff is entitled to judgment, and for what amount."

" The jury find for plaintiff, and assess the damages at $977.70, of which $913.74 is principal, and $63.96 interest.

" The jury find specially that :

" First. William Fayer was agent for James Fayer, defendant, at the time of the attachment, December 22d 1879.

" Second. That the bank, garnishee, did not know for whom its depositor, William Fayer, agent, was agent, either at the time of discounting notes or at the time of the attachment.

" Third. That William Fayer, doing business as William Fayer, agent, was insolvent at the time of the attachment.

" Fourth. That the set-off of the bank upon the two notes, if the court shall determine that it is to be made, amounts to $810."

After argument on the point reserved, the court, being of the opinion that the bank was not entitled to the set-off claimed, and that it was not liable for interest on the amount remaining in its hands during the litigation, entered judgment against the bank on the special verdict, for $913.74.

Both parties took a writ of error : the bank because the court refused to allow the set-off claimed by them ; and the plaintiff, Jones, assigning for error the refusal of the court to charge the bank with interest on the fund ; the latter being the writ of error in this case.

[Jones v. Manufacturer's Nat. Bank.]

*Wm. Henry Peace* (*Frank P. Prichard* with him), for the plaintiff in error.—A garnishee, in order to protect himself from liability for interest, must either pay the fund in to court, or offer to do so, or at least, express a willingness to pay the real owner, and not prolong litigation while he may profit by the use of the fund : Rushton *v.* Rowe, 14 P. F. Smith, 63 ; Singerly's Ex'rs *v.* Woodward, 8 W. N. C. 339. In this case the bank not only did not express any willingness to pay, but denied the defendant's ownership, without showing that anyone else had claimed the money, and itself asserted a claim on its own account, which has proved unfounded.

*Robert H. Neilson* (*Henry C. Olmsted* and *Aubrey H. Smith* with him), for the defendant in error.—Interest is either compensation for the use of money, or damages for its wrongful detention. But a garnishee cannot make use of the money attached, for he must always have it ready to pay ; and he cannot be punished for detaining it, for he does so under order of the court.

As a general rule, an attachment suspends the running of interest : Fitzgerald *v.* Caldwell, 2 Dallas 215; Mackey *v.* Hodgson, 9 Barr 468 ; Jackson *v.* Lloyd, 8 Wr. 82.

In this case the defendant in the attachment was " James Fayer," whom the bank had never heard of, and the person holding all the indicia of ownership in the thing attached, was " William Fayer, agent." The bank did therefore the only possible thing, namely, put the plaintiff upon proof. James Fayer himself could not have demanded anything else ; has then his attaching creditor a higher right ? Again ; how could the bank pay a depositor's money into court in a suit to which that depositor is not a party ? Our only contention is, that we had a right to have a court pass upon that evidence before we paid out money deposited by one man on a claim against another. The fact that the bank claimed a right of set-off against this fund can have no bearing upon this question unless it is shown that the proceedings have been thereby prolonged or complicated. This is not pretended. The true question is, could the bank have been required to act otherwise if they had had no such claim ?

Mr. Justice TRUNKEY delivered the opinion of the court, February 6th 1882.

In foreign attachment the rule is that interest on a debt due by the garnishee to his creditor, as whose property it was attached, is suspended during the pendency of the proceedings : Jackson's Ex, rs *v.* Lloyd, 44 Pa. St. 82. This rule does not apply if there has been collusion, unreasonable delay or litigiousness on the part of the garnishee. Where he has not been ready

[Harmony Building Association *v.* Berger.]

and willing to pay the debt in his hands to the party entitled, he is liable for interest; and, though he may not be bound to ask leave to pay the money into court to abide the contest, his willingness to pay, and not litigate, must appear: Rushton *v.* Rowe, 64 Pa. St. 63; Singerly's Executor *v.* Woodward, 8 W. N. C. 339.

James Fayer, the defendant, did business with the bank in the name of William Fayer, agent; and the bank held notes of said William Fayer, agent, which notes had not matured at the date of the attachment, and their proceeds had formed a part of the credit side of the account. Not knowing that James Fayer was the principal, the bank was not bound to pay the money to him or his creditor till this fact was established. Had the answer and plea shown a readiness to pay whenever it should be determined whether Jones, or James Fayer was entitled to the money, the garnishee would not be liable for interest. But the garnishee was unwilling to pay the money, claimed the amount of said notes as a set-off, and raised an issue in which it was determined that James Fayer owned the money, that the garnishee was not entitled to the set-off, and that the plaintiff was entitled to recover. The garnishee was a party litigant, and must suffer the consequences of defeat. We are of opinion that judgment should have been rendered for the full amount of the verdict.

Judgment reversed, and judgment upon the verdict for $977.70.