Clarence B. Lummis, Trustee, Appellant, *v.* The Big
Sandy Land & Manufacturing Company and C. F.
Smith and R. J. Fougeray, Individually and as Trus-
tees for the Big Sandy Land and Manufacturing Com-
pany.

*Trial by court without a jury—Constitutional law—Constitution, article* V.
*section* 27—*Act of April* 22, 1874.

The Act of April 22, 1874, P. L. 109, regulating the trial of cases by the
court without a jury, in so far as it excepts from the benefit of the act
" those acting in a fiduciary capacity " violates article V. section 27, of the
constitution of 1874, which declares : " The parties by agreement filed may
in any civil case dispense with trial by jury, and submit the decision of
such case to the court having jurisdiction thereof."

*Reference—Trustees—Act of May* 14, 1874.

Under the Act of May 14, 1874, P. L. 166, which declares that " in all
civil suits or cases which the parties may legally, by agreement in writing,
submit to the decision of the courts, . . . . the parties may, in like man-
ner, by written agreement, submit the case to the decision of any person
learned in the law, who is authorized to act as an attorney in the Supreme
Court of this state," parties acting in a fiduciary capacity may agree to a
reference.

*Reference—Trustees—Estoppel.*

A reference under the Act of May 14, 1874, P. L. 166, was made a rule
of court, and after confirmation of the referee's report one of the parties
sought to set the reference aside, alleging that he was a trustee and had no
authority to consent to it. The alleged beneficiaries had assented to the
reference and co-operated with the alleged trustee in the proceeding until
after the report was confirmed. *Held*, that, under these circumstances,
even if trustees were not embraced in the act, neither the beneficiaries
nor the trustee would be permitted to question the validity of the reference.

*Attachment execution—Garnishee's counsel fees.*

In an attachment execution where answers are filed and the cause is
tried, a counsel fee to the garnishee in excess of $10.00 may be allowed
by the court and taxed as part of the costs. In this case a counsel fee of
$250 was allowed.

Argued April 7, 1898. Appeal, No. 75, Jan. T., 1898, by
plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1893,
No. 92, discharging rule to set aside report of referee. Before
STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.
Affirmed.

Rule to set aside report of referee.

Exceptions to report of referee.

The referee awarded a counsel fee of $250 to the attorney for the garnishees.

Other facts appear by the opinion of the Supreme Court.

*Errors assigned* were in discharging rule to strike off report of referee, and in dismissing exceptions to his report.

*John S. Freeman,* of *Keator & Freeman,* with him *John G. Johnson,* for appellant.—By the very terms of the act which authorizes this proceeding, persons acting in a fiduciary capacity are prohibited from submitting a question at issue to the determination of a referee : Campbell v. Fayette County, 127 Pa. 86 ; Bartholomew v. Lehigh County, 148 Pa. 82.

The proceedings before a referee are based entirely upon statutory provisions, and a referee can do nothing unless authorized by statute : Small's App., 23 W. N. C. 20.

Trustees are liable to attachment execution : Fessler v. Ellis, 40 Pa. 248 ; Smith v. Brooke, 49 Pa. 147 ; Girard Life Ins. & Trust Co. v. Chambers, 46 Pa. 485 ; Lewis Bremer's Sons v. Mohn, 169 Pa. 91.

*James W. M. Newlin,* for appellees.—Even if the plaintiff was acting in a fiduciary capacity within the meaning of the act of 1874, the reference is good under art. V., sec. 27, of the constitution of 1874 : Campbell v. Fayette County, 127 Pa. 86.

The submission is good at common law.

Signature by attorney is sufficient : Sargeant v. Clark, 108 Pa. 591.

All of the cestui que trustent—both of appellant and appellees—have ratified the reference by taking part therein.

The account of Smith and Lummis, trustees of the Big Sandy Land and Manufacturing Company, cannot be settled by means of attachment sur judgment by a creditor of that company.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 17, 1898 :

Plaintiff's action of assumpsit, brought in September, 1893, was so proceeded in that on March 22, 1895, judgment was entered against the defendant company, on the verdict previously rendered in favor of plaintiff, for $8,550, with interest, etc.

No appeal appears to have been taken from this judgment, and it thus became a final and conclusive adjudication of plaintiff's right to maintain the action, etc.

On the day judgment was entered, an attachment execution was issued and C. F. Smith and J. R. Fougeray, individually and as trustees of the defendant company, were summoned as garnishees. After interrogatories were answered and plea to the attachment was filed, on June 10, 1896, by written agreement of the parties, all matters in controversy in the attachment proceedings were submitted to Walter E. Rex, Esq., as referee under the act of May 14, 1874. A constituent part of that agreement was that the reference should be made a rule of court, etc.

With the knowledge and active participation of all the parties in interest, so far as appears, the matters in controversy thus submitted to the referee were so proceeded in that on July 7, 1897, he filed his report "finding in favor of the garnishees." Two supplemental reports were afterwards filed, and also numerous exceptions, etc. On November 5, 1897, the exceptions were dismissed "and the report of the referee confirmed" by the court. As between the plaintiff and the garnishees, the controversy was thus, for the time being, narrowed down to the question of costs in the attachment proceedings. After sundry dilatory proceedings on the part of the plaintiff, etc., he obtained, January 13, 1898, a "rule on the garnishees to show cause why the agreement of reference should not be set aside, the appointment of referee vacated and his report, as well as all proceedings before him, set aside, proceedings before him to stay meanwhile."

In their answer to this rule and the petition on which it was based, the garnishees specifically deny plaintiff's statement that he "was then and still is acting as trustee for eight different persons, one of whom is also trustee for another estate, and whose respective interests in said judgment vary from one fifth to one twentieth thereof." On the contrary, they aver that plaintiff is "not a trustee for anyone in this cause, and that the addition (of the word 'trustee') to his name as plaintiff is, as they are advised by counsel, without legal significance." They further "aver the facts to be as" therein set forth, including an averment, in substance, that plaintiff who styles himself

"trustee" is simply a legal plaintiff for other persons whose names have theretofore been suggested to them of record "as use plaintiffs," and that he is not acting in a fiduciary capacity within the meaning of the Act of May 14, 1874, P. L. 166, and the Act of April 22, 1874, P. L. 109. It does not appear that any replication was filed to said answer or that any testimony was taken in support of the rule. Five days after the rule to show cause was granted, it was discharged by the court; and, on March 5, 1898, this appeal was taken by the plaintiff. The specifications of error are numerous—twenty-eight in all—but very few of them require special notice. The first and second may be considered together. In substance they charge error in not vacating the referee's appointment and setting aside all proceeding thereunder, on the ground that the plaintiff "was acting in a fiduciary capacity," and was therefore without authority to become a party to the reference. Assuming, for argument's sake alone, that plaintiff's construction of the acts of April 22 and May 14, 1874, is correct, there appears to be nothing in either the pleadings or proofs to warrant the conclusion that plaintiff was in fact acting in a fiduciary capacity within the meaning of said acts as construed by him. As we have seen, his averment (in the petition for rule to show cause, etc.) that he "was then and still is acting as trustee for eight different persons, one of whom is also trustee for another estate, and whose respective interests in said judgment vary from one fifth to one twentieth part thereof," was distinctly traversed and denied by the appellees. The effect of their responsive answer was not overcome by any sufficient evidence. On the contrary, the weight of the evidence is that the right of action was in the plaintiff, and the other persons referred to had at most only an equitable interest in the result of the suit. Moreover, the evidence tended to show that said parties with full knowledge of the reference assented thereto, at least tacitly, and actively co-operated with the legal plaintiff in the proceedings until after the referee's report was filed and confirmed by the court. Under the circumstances, and especially in view of the fact that the reference was made a rule of court, neither they nor the plaintiff should be permitted to question the validity of the reference after the same was fully executed and the referee's report confirmed.

But, aside from these considerations, we think the agreement to refer, etc., should be sustained as a valid exercise of the right then vested by law in the parties thereto. In other words, the case was one which, in the language of the act of May 14, 1874, the parties thereto might have " legally, by agreement in writing," submitted " to the court in " which it was then pending, and consequently they had a legal right to submit the same, " in like manner, by written agreement, . . . . to the decision of " the referee learned in the law, etc., as fully and effectually, to all intents and purposes, as they could have submitted it to the decision of the court below under section 27, article 5, of the constitution, which declares : " The parties, by agreement filed, may in any civil case dispense with trial by jury and submit the decision of such case to the court having jurisdiction thereof," etc. The right, thus vested in the parties to " any civil case," is as broad and comprehensive as language could possibly make it. It was given without any qualification or restriction to any person, natural or artificial, that is competent to bring, maintain or defend any civil action, and it cannot be abridged or qualified by either legislative or judicial action. In proceeding to enact a law for the purpose of carrying into effect the constitutional provision above quoted and regulating the practice thereunder, the legislature were discharging a constitutional duty, but when they undertook, in the act of April 22, 1874, to limit its operation and narrow its scope, by excepting " those acting in a fiduciary capacity," they overstepped the line of official duty. They clearly had no such power, and the exception that was evidently introduced for that purpose was null and void, and the act should be read as though the exception had never been introduced and made part of the act.

In passing the act of May 14, 1874, the legislature evidently intended to provide for submission of civil cases to a referee learned in the law, etc., in all cases embraced in the constitutional provision above quoted, so that the parties to all such cases might, at their election, submit them either to the proper court, or to a referee. It declares : " That in all civil suits or cases which the parties may legally, by agreement in writing, submit to the decision of the court, . . . . the parties may, in like manner, by written agreement, submit the case to the decision of any person learned in the law, who is authorized to act as an attorney in the Supreme Court of this state."

Reading the constitutional provision as we find it, and the act of April 22, 1874, as it should be, namely, without the unauthorized exception to which reference has been made, it is very evident that the parties to the present case could have legally submitted the decision of their case to the court in which it was then pending, and it is equally clear that they had a right to submit it in like manner, as they did, to the referee of their choice. The right to submit the decision of civil cases to the courts was vested in the parties thereto by the constitution, and the act passed to carry it into effect, could at most regulate the practice under it. Any attempt to limit or restrict the exercise of the right was necessarily ineffectual. Campbell v. Fayette County, 127 Pa. 86, was rightly decided on the controlling fact of that case, and it was unnecessary to go beyond that. While the referee selected by the parties in that case was admittedly learned in the law, he was clearly not authorized to act as an attorney of this Court, and therefore lacked one of the essential qualifications of a referee required by the constitution.

Under the twelfth specification, plaintiff contends that the allowance of counsel fees to each of the garnishees was wholly unauthorized. He appears to have reached this conclusion by misconstruing the Act of April 29, 1891, P. L. 35, passed "to prevent vexatious attachments," etc. We have no doubt that act, properly construed, is applicable to cases such as this; and we see no reason for our interfering with the action of the court in the premises.

We find no error in any of the learned referee's findings of fact or conclusions of law, nor in his refusal to find certain facts referred to in some of the specifications. There is nothing in any of the specifications that requires further notice. They are all overruled, and the decrees of the court below are affirmed, and appeal dismissed at appellant's costs.