## Golder et al. v. Bogash et al.

410

*T. P. Britt, A. L. Moise,* and *Hepburn & Norris,* for petitioners.

*J. H. Lieberman, Philip I. N. Alperdt,* and *N. S. Winnet,* contra.

SMITH, P. J., September 28, 1936.—This matter comes before the court on a petition for rule to show cause why the plaintiff should not be restrained from issuing execution, why a counsel fee should not be paid to the attorneys for the garnishee and why the fund of $3,000 should not be paid into the hands of the prothonotary.

On May 4, 1931, the plaintiff secured a judgment against the defendant and attached his funds in the hands of First Trust Company of Philadelphia, garnishee. On November 8, 1934, interrogatories were filed on the said garnishee with rule to answer. The First Trust Company of Philadelphia filed its answer to said interrogatories on November 21, 1934. Paragraph 11 of said answer is as follows:

"Eleventh: No. The amounts of $2,000 and $17,-097.67, respectively, referred to in the eleventh interrogatory, do not belong to the defendant, Harry J. Bogash, agent, because of the facts herein set forth. On or about July 24, 1934, garnishee executed and delivered to counsel for the defendant, Harry J. Bogash, agent, an order to mark the judgment entered in the suit of John Kearns, to the use of First Trust Company, v. Philadel-

phia Pure Rye Whisky Distilling Company of Pennsylvania, Ltd., Court of Common Pleas of Bucks County, no. 408, June term, 1932 (judgment docket no. 51, page 466), to the use of Harry J. Bogash, agent, as use plaintiff therein, said judgment for $600,000 having been obtained by virtue of the provisions of the warrant of attorney annexed to the bond which accompanied the mortgage herein referred to. On or about August 17, 1934, garnishee executed and delivered to counsel for the defendant, Harry J. Bogash, agent, an order to mark the judgment entered in the suit of John Kearns, to the use of First Trust Company v. Philadelphia Pure Rye Whisky Distilling Company of Pennsylvania, Ltd., Court of Common Pleas of Bucks County, no. 179, March term, 1933 (judgment docket no. 62, page 89), to the use of Harry J. Bogash, agent, as use-plaintiff therein, this judgment for $316,417.50, having been obtained through foreclosure of the $300,000 mortgage dated October 18, 1926, and recorded in Bucks County in mortgage book no. 342, page 271, mentioned in the exhibits to three answers. On March 7, 1934, Liberty Title & Trust Company et al. executed and delivered to said Harry J. Bogash, agent, a bill of sale for all of the personal property located and contained on the premises described in said $300,000 mortgage. By reason of said assignments, garnishee became and is entitled to have, hold and retain said sums aggregating $19,079.67, referred to in the 'eleventh' interrogatory. On March 26, 1934, garnishee did pay from and out of said sum of $17,079.67, theretofore paid to it as aforesaid, and with the consent of said Bogash, the sum of $7,847.13 to Liberty Title & Trust Company, and the sum of $750 to Charles A. Donnelly, its attorney, it and he being then entitled thereto under the terms of said agreement of March 9, 1933, and as consideration for the execution of the bill of sale referred to above. At the time of the execution of said agreement of March 9, 1933, it was agreed by and between the parties that garnishee should pay to Harry J. Bogash, in his indi-

vidual capacity, the sum of $3,000, provided and conditioned that settlement under said agreement was completed and consummated. Because of the proceedings in the case of Philadelphia Pure Rye Whisky Distilling Company of Pennsylvania, Ltd., v. First Trust Company of Philadelphia, which are now pending and undetermined in the Court of Common Pleas No.· 3 of Philadelphia County, as of June term, 1933, no. 2886, said agreement has not been consummated and said sum of $3,000 is not yet due to said Harry J. Bogash, and has not yet been paid to him. Finally, garnishee avers that on November 5, 1934, it was notified by Philip I. N. Alperdt that on February 3, 1934, said Harry J. Bogash had transferred to Benjamin H. Alperdt all of his right and title to the aforesaid commission due him through and because of the sale of the aforesaid $300,000 mortgage; and that on May 15, 1934, said Benjamin H. Alperdt in turn transferred said right and title in said commission to Philip I. N. Alperdt. Attached hereto is a copy of the assignment from said Bogash to said Benjamin H. Alperdt, a copy of which was served upon garnishee on November 5, 1934.

> "Hepburn & Norris
> "By W. B. Lex
> "Attorneys for First
> "Trust Company of
> "Philadelphia,
> "Garnishee".

The issue was tried before Alessandroni, J., and a jury, and the plaintiff received a verdict against the garnishee in the sum of $3,000. The garnishee has taken an appeal from the judgment of this court to the Supreme Court, but no supersedeas bond has been filed. As the result of a conference between the attorneys of the plaintiff and the defendant, it is agreed that the issuing of execution be restrained and that the sum of $3,000 need not be paid into court. The question of the propriety of a counsel fee to the attorneys for the garnishee is at issue. The plaintiff also raises the question that he is entitled to costs and

interest on the judgment. The fee claimed by the attorneys for the garnishee is in the sum of $500. The defendant contends that no fee is payable the attorneys for the garnishee since they were not successful in the litigation between the plaintiff and the garnishee.

An examination of the answer, wherein it was contended that the defendant was not entitled to the fund because the right of the defendant to the said fund was not then accrued, and that a third party claimant had made a claim to said fund prior to the claim of the plaintiff shows that the garnishee was bound to use every legal effort to prevent a judgment by the plaintiff. It therefore pleaded nulla bona and the issue was tried before Judge Alessandroni and a jury.

In the Pennsylvania Act of April 22, 1863, P. L. 527, it is provided:

"That where, in any attachment, execution, or *scire facias* on foreign attachment, issued out of any court of record in this state, the garnishee, after issue joined therein, shall be found to have in his possession, or control, no real or personal property of the defendant, nor to owe him any debt, other than such property, or debts, as shall have been already admitted by the plea or answers of the garnishee, or in case, without going to trial, the plaintiff shall take judgment against the garnishee, for what shall be so admitted in his plea or answer, then, and in either such case, the garnishee shall be entitled, in addition to the costs already allowed by law, to a reasonable counsel fee, out of the property in his or their hands, to be determined and taxed, in case of dispute, by the court, or by some person appointed for that purpose."

This act provides for the payment of a reasonable counsel fee to the garnishee. Such fee is not contingent upon the success of the efforts of counsel to resist the claim of the plaintiff.

If that were so, any garnishee would be reluctant to contest any doubtful claim of a claimant. It is the duty of a garnishee to resist in every proper legal manner the

efforts of any claimant to a fund in its hands, when it has what appears to be a reasonable defense.

There are many cases in our courts where counsel fees have been paid to a garnishee and no mention made by the court as to whether the garnishee was successful or not: See Lummis v. Big Sandy Land & Mfg. Co., 188 Pa. 27; Chambers v. Smith, 2 Chester Co. 516; Joseph Melnick B. & L. Assn. v. Melnick et al., 23 D. & C. 548; O'Brien v. Radford et al., 21 D. & C. 177.

There are two county court cases where it appears that the garnishee was allowed counsel fees after he had been unsuccessful in resisting the claim of the plaintiff: Biesty v. Loury et al., 25 Dist. R. 639; Haller's Execs. v. Regan et al., 11 Lanc. L. Rev. 145.

It would appear from the wording of these cases that the success of the garnishee is the test only when it is found that he had no property of the defendant in his hands. When, however, in the answer, he admits possession of personal property, he is entitled to a reasonable fee for counsel.

Whether $500 is reasonable or not is to be determined. The case of the plaintiff versus the garnishee is now before the Supreme Court. It seems proper to us that no fee should be paid until the matter has been adjudicated. We believe it to be just and equitable, however, to set aside the sum of $500 and pay it into court, and, at the final adjudication of this case, we shall then determine what fee is reasonable for the services performed and to be performed by counsel to the garnishee. The stay of execution as to this sum should therefore be granted.

The other collateral matters raised by the plaintiff in the argument, that he should recover interest and costs against the garnishee, have little or no merit. It is not necessary for the garnishee in matters of this kind to pay the money into court and, as long as the court is satisfied with the bona fides of the defense offered by the garnishee, no consideration will be given to this contention on the part of the plaintiff.

In the case of Jones v. Manufacturer's National Bank, 99 Pa. 317, it was determined that the interest on the debt due by the garnishee to his creditor is suspended during the pendency of the proceeding. The crux of this opinion was based upon the question of collusion and unreasonable delay on the part of the garnishee. The reading of the docket entries, pleadings and notes of testimony in this case convinces the court that there is nothing in the record of this case which placed the garnishee within the exceptions to the general rule that the running of interest in matters of this kind is suspended.

There is also no merit in the contention of the plaintiff that the costs should be taxed to the garnishee. The Act of June 13, 1836, P. L. 606, sec. 40, makes it discretionary with the court to fix an order for the payment of costs by either or both litigants, to wit, the plaintiff and defendant, but not the garnishee. The garnishee is therefore relieved from the burden of costs.

The rule of the garnishee for counsel fee should be made absolute. The amount of counsel fee is, however, to be determined by the court at the conclusion of the litigation before the court of appeal, and the sum of $500 is ordered to be set aside to meet the order of the court as it will then be made. There appears to be no rule by the plaintiff calling for the payment of interest and the taxing of plaintiff's cost, but the court has indicated that it does not look with favor upon such suggestion.

## Order

And now, to wit, September 28, 1936, the rule of the garnishee for allowance of counsel fee is made absolute. The garnishee is ordered and directed to pay into court the sum of $500 to be there held until the determination of this case before the Supreme Court of this State, at which time a reasonable amount will be paid to the counsel for the said garnishee.