## Rader v. Rubenstein et al.

*Townsend, Elliott & Munson*, for petitioner.
*Herman H. Yaffe* and *Harry Shapiro*, for plaintiff.
*Levi, Mandel & Miller*, for defendant.

BOK, P. J., November 25, 1941.—Plaintiff secured a judgment against defendant in the sum of $1,975 for want of an appearance, and garnisheed his bank. Interrogatories and answers were filed. A rule was taken to open the judgment and was made absolute, but the attachment was not dissolved. The case was then tried, resulting in a verdict for plaintiff in the sum of $1,000 and judgment was entered. We have before us plain-

tiff's rule for judgment against the garnishee, Western Saving Fund Society, which appears to be in proper order and is hereby granted.

We also have a petition for the allowance of a fee to counsel for the said garnishee out of the funds of its client. In this petition, to which no answer has been filed, it appears that the garnishee has $9,254.62 belonging to defendant.

We are of opinion that the petition must be granted. Counsel did substantial work, particularly in the matter of ascertaining that defendant, Samuel Rubenstein, is the same person as its client, whose deposit is in the name of Simon Rubenstein. The authority for this allowance is the Act of April 22, 1863, P. L. 527, 12 PS §2999, which contemplates a counsel fee to be taken out of the residue of defendant's property in the hands of the garnishee when there is a residue and when the case is finally disposed of.

There are two other pertinent acts. One is the Act of June 11, 1885, P. L. 107, 12 PS §3000, which covers cases where there is a final disposition, where there is no property of defendant in the garnishee's possession, and where the garnishee employs no attorney. The other is the Act of April 29, 1891, P. L. 35, sec. 1, 12 PS §3001, which covers cases where there is no final disposition, where the garnishee prevails in the truth of his answer that there is no property of defendant in his possession, and where he has employed an attorney: O'Brien, etc., v. Radford et al., 21 D. & C. 177 (1934). In the case of Lummis v. The Big Sandy Land & Manufacturing Co. et al., 188 Pa. 27 (1898), cited in O'Brien, etc., v. Radford et al., the opinion does not show the state of the residue in the garnishee's hands, but the bound record reveals a finding of fact that there was no property of defendant in its possession, and a counsel fee was accordingly taxed against plaintiff.

In the instant case there is a final determination of the case, a counsel of record for the garnishee, and a residue of defendant's property in its possession. The

Act of 1863 therefore applies: Maule v. Boyd, 18 Phila. 326 (undated); Brunswick Co. v. Brown et al., 22 W. N. C. 43 (1887); Biesty v. Loury et al., 25 Dist. R. 639 (1916).

The petition of the garnishee, Western Saving Fund Society, for additional counsel fee is granted. The fee is taxed at $100 and is to be paid out of the residue of funds of defendant in the hands of the said garnishee.