The Bank of Europe Trust Co. v. McCall et al.

*Wolf, Block, Schorr & Solis-Cohen,* for plaintiff.
*Joseph S. Conwell, Jr.,* for garnishee.

OLIVER, P. J., December 9, 1942.—On petition filed by the garnishee, this court, on November 6, 1942, directed plaintiff to enter security for costs in the sum of $1,000. Thereafter plaintiff asked the court to reconsider its decision, first, on the ground that the garnishee is not entitled to a bond as security in this case and, secondly, on the ground that the bond required is excessive.

To sustain its first contention, plaintiff argues that rule 144 of the Courts of Common Pleas of Philadelphia County gives the right to require a posting of bond as security for costs against a nonresident plaintiff when the petitioning party "might be faced with difficulty in collecting its costs due to the lack of solvency or the dishonesty of a plaintiff". However, we know of no case which refers to those factors as a test of the petitioner's right. The security is required because the plaintiff is a nonresident and the entering of the order casts no reflection whatever upon either the honesty or the solvency of the plaintiff. In fact, those matters are not inquired into by the court and in our opinion it was not the intention of the rule to require the court to make such inquiry.

The matter before the court involves substantial sums of money. The facts are apparently complicated. Furthermore, we have an unusual situation in which a New York plaintiff is seeking to collect its judgment against the defendant, who is not a resident of Philadelphia County, by an attachment in this jurisdiction against a New York corporation, which is subject to the jurisdiction of the New York Supreme Court in which plaintiff originally recovered its judgment. It

appears that the garnishee will have to take depositions in, and bring witnesses from, New York. Under all the circumstances the garnishee should be fully protected. We think the amount of security originally fixed entirely proper. In any event, the difference in cost between entering a bond for $500 or a bond for $1,000 is trifling, especially in view of the substantial amounts involved in this litigation. See Biesty v. Loury et al., 25 Dist. R. 639 (916), Lummis, Trustee, v. The Big Sandy Land & Mfg. Co. et al., 188 Pa. 27 (1898), O'Brien, etc., v. Radford et al., 21 D. & C. 177 (1934), and Joseph Melnick B. & L. Assn. v. Melnick et al., 23 D. & C. 548 (1935).

We, therefore, see no reason to change the order heretofore made, but hereby extend the time for filing the bond to 20 days from the date of the entry of this memorandum opinion.